IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                      Crim. No. 17-2008 MV

DARIUS MUSE,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the United States' Motion to Strike Defendant's Motion to Suppress Evidence. Doc. 46. Defendant filed a Response [Doc. 51] and the United States filed a Reply [Doc. 52]. Having considered the motion, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

On March 6, 2019, the Court entered an Order and Notice of Trial, which continued the trial to May 20, 2019 and set a deadline of April 1, 2019 for all pre-trial motions. Doc. 42. On May 1, 2019, Defendant filed a Motion to Suppress Evidence. Doc. 43. The government asks this Court to strike Defendant's Motion to Suppress Evidence as untimely, pursuant to Rule 12(c)(3) of the Federal Rules of Criminal Procedure and the Court's inherent authority to enforce its own orders and manage its docket. Doc. 46 at 1. The government argues that there is no good cause for the untimeliness of Defendant's Motion to Suppress Evidence since Defendant has been aware of the basis for his Motion to Suppress since he received discovery over a year and a half ago. *Id*. at 3. The government argues that without a showing of good cause, this Court may not hear his motion. *Id*. at 4 (citing *United States v. Bowline*, 917 F.3d 1227, 1230 (10th Cir. 2019), *petition for cert. filed* (U.S. Aug. 13, 2019) (No. 19-5563)).

In his Response, Defendant argues that government's motion should be summarily denied for failing to comply with the Local Rules of the District Court for the District of New Mexico. Doc. 51 at 4-5. Defendant argues that the government's motion may be summarily denied under Local Rule 7.1(a) because the government did not determine whether its Motion to Strike was opposed and because the Motion omitted a good faith request for concurrence. *Id*. Defendant appears to be referencing the Local Rules of *Civil* Procedure. As the government points out, Local Rule of Criminal Procedure 47 governs motions, and under Local Rule 47.2, a court may summarily deny any *unopposed* motion that fails to recite the concurrence of each party; in contrast, such language is not present in Local Rule 47.1, Opposed Motions. Doc. 52 at 2 n. 2 (citing D.N.M.LR-CR Rule 47). The government acknowledges that it did not seek the Defendant's position on its Motion to Strike, and states that opposition was presumed. *Id*. The Court declines to summarily deny the government's motion on this basis.

Defendant also asserts that the government failed to cite "apposite, controlling authority which holds that the extreme sanction of striking a pleading should be used sparingly and only after the Court considers five important factors, including the availability of any lesser sanction." Doc. 51 at 1-2. Defendant then proceeds to cite a line of civil cases, *id*. at 2-3, which are governed by the Federal Rules of Civil Procedure. Neither the Civil Rules nor holdings based upon the application of those rules are apposite here. To the contrary, the Tenth Circuit held clearly in *Bowline* that under Rule 12(c)(3) of the Federal Rules of Criminal Procedure, a district court has no authority to hear an untimely motion without a showing of good cause for the delay. *Bowline*, 917 F.3d at 1234 (citing *Davis v. United States*, 411 U.S. 233 (1973)); *accord* Fed. R. Crim. P. 12(c)(3). Accordingly, this Court considers whether there was good cause for the delay in Defendant's filing of the Motion to Suppress.

In *Bowline*, the Tenth Circuit considered a case in which a defendant filed a motion to dismiss his indictment for vindictive prosecution after the deadline to file all pretrial motions had passed. *Id.* at 1229. The District Court denied the motion as untimely under Fed. R. Crim. P. 12(c)(3) after finding that the defendant had not shown good cause to excuse his delay. *Id*. The Tenth Circuit held that it could not review an untimely motion under Rule 12 absent a showing of good cause. *Id*. The Tenth Circuit reasoned that there are "common circumstances in which appellate review of an issue is precluded even when a party's failure to raise the issue was not an intentional relinquishment of a known right." *Id*. at 1231. The Tenth Circuit went on to explain that Rule 12 "reflects the view that certain alleged defects are best raised early in the proceedings when 'inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses, and the parties have gone to the burden and expense of a trial.'" Id. at 1233 (quoting *Davis v. United States*, 411 U.S. 233, 241 (1973)).

While the Tenth Circuit "rarely… grant[s] relief under the good-cause exception," *United States v. Burke*, 633 F.3d 984, 988 (10th Cir. 2011), district courts are positioned differently – particularly when a suppression issue, though untimely, is raised prior to trial. In *Burke*, the Tenth Circuit explained the policy reasons underlying its hesitance to grant appellate review of suppression issues not raised at the district court level: (1) exclusionary review has a minimal deterrent effect on police misconduct when applied at the appellate level, as compared with the district court level; (2) fairness concerns militate in favor of a waiver rule because although the government can appeal an adverse ruling on a suppression motion prior to trial, it cannot do so once jeopardy has attached; (3) if a defendant has not raised a suppression issue in front of a district court, the government will rely on the assumption that its proffered evidence was admissible and will not introduce additional evidence in order to prevail at trial; and (4) allowing

a defendant to challenge the inclusion of evidence on appeal places the government in a difficult position of defending itself based on a potentially meager record." *Id.* at 989-90 (citations omitted). None of these policy reasons apply to a motion to suppress evidence which, although untimely filed, was filed at the district court level prior to trial.

In the instant case, the Court finds that Defendant had good cause for the one-month delay in filing his Motion to Suppress Evidence. In his Response, Defendant explains the reason for the delay:

> Counsel for Mr. Muse must honestly acknowledge that the delay in filing pre-trial Motions in this case could reveal some laxity or inattentiveness on defense counsel's part, especially in light of counsel's significantly increased work load attendant to the Government's pursuit of authorization to seek the death penalty in *United States v. Smothermon*, D.N.M. No. CR 18-930 MV.

Doc. 51 at 4.[1] The Court accepts Defendant's representation that his counsel's increased work load in light of the government's pursuit of authorization to seek the death penalty in *Smothermon* led to the delay in filing of pretrial motions in the instant case.[2] The Court finds that this is good cause for the one-month delay in the filing of Defendant's Motion to Suppress Evidence. In so ruling, the Court notes that the policy considerations outlined by the Tenth Circuit in *Burke* are not implicated. *See also United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) ("The absence of prejudice or delay in the trial may be relevant to whether the district court is willing to grant relief, but those factors themselves do not require a finding of "good cause."). The Court also notes that a district court has the discretion to manage its own docket and to assess the question of whether circumstances add up to "good cause." *See Bowline*, 917 F.3d at 1238 ("For good cause, the court

---

[1] Brian Pori was counsel for Defendant from 7/3/2017 through 9/4/19, when he was terminated and Defendant's current counsel, Mallory Margaret Gagan, was appointed. For all relevant time-periods referenced in this Memorandum Opinion and Order, Brian Pori was counsel for Defendant.
[2] The United States filed a notice that it would not seek the Death Penalty as to Chase Smothermon and his co-defendants on 5/31/2019. *Smothermon*, D.N.M. no. CR 18-930- MV, Doc. 127.

may grant relief from the failure to timely raise the [Rule 12] motion. The trial court's decision to grant or deny relief will not be overturned absent a showing of abuse of discretion.") (citations omitted); *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010) ("whether the circumstances add up to "good cause" is a question committed to the district court's discretion. Appellate review of "good cause" decisions is deferential…"); *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) ("[A]s the Supreme Court has recognized, district courts are busy and need the freedom to manage their dockets and schedules.").

Accordingly, the United States' Motion to Strike Defendant's Motion to Suppress Evidence [Doc. 46] is hereby **DENIED**. The United States shall file a Response to Defendant's Motion to Suppress Evidence [Doc. 43] no later than November 4, 2019.

ENTERED this 21st day of October, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


Mallory Margaret Gagan
ASSISTANT FEDERAL
PUBLIC DEFENDER
*Attorney for Mr. Muse*

Robert Goldaris
ASSISTANT UNITED
STATES ATTORNEY
*United States Attorney*